IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **DENISE E. SHIPLEY** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| **BUFFALOE & ASSOCIATES, PLC,** ) | |
| **and CAPITAL ONE BANK (USA),** ) | |
| **NATIONAL ASSOCIATION,** ) | Jury Trial Demanded |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and 15 USC § 1640(e).

2. This action arises out of Defendant Buffaloe's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and all the Defendants' violations of the Truth In Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, and Plaintiff resides here.

### PARTIES

4. Plaintiff Denise E. Shipley (hereinafter "Plaintiff") is a natural person who resides in Jefferson County, Tennessee, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1602(h), and a "cardholder" as that term is defined by 15 U.S.C. § 1602(m).

5. Defendant Buffaloe & Associates, PLC (hereinafter "Defendant Buffaloe") is a professional limited liability company that consists of attorneys licensed to practice law in Tennessee, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and an agent of a "card issuer" as that term is defined by 15 U.S.C. § 1602(h), and may be served through its agent for service of process as follows: John E. Buffaloe, Jr., 201 4th Avenue North, Suite 1300, Nashville, TN 37219.

6. Defendant Capital One Bank (USA), National Association (hereinafter "Defendant Capital One"), is a national association regulated by the Office of the Comptroller of the Currency, a "creditor" as defined by 15 U.S.C. § 1692a(4) and 15 U.S.C. § 1602(f), and a "card issuer" as that term is defined by 15 U.S.C. § 1602(h), and may be served through the following officer of the association: Richard D. Fairbank, Chief Executive Officer, 1680 Capital One Drive McLean, VA 22102.

## FACTUAL ALLEGATIONS

7. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), and a "credit" as that term is defined by 15 USC § 1602(e), namely, an alleged credit card debt originally originated, owned and/or serviced by Defendant Capital One.

8. After default, Plaintiff's debt was consigned, sold or otherwise transferred to Defendant Buffaloe for collection from Plaintiff.

### Failure to Send a Written Notice Containing the Amount of the Debt
### Within Five Days After the Initial Communication

9. On or about October 3, 2011, Defendants Buffaloe and Capital One filed a Civil Summons and Sworn Affidavit in state court and caused it to be served on Plaintiff (collectively the "collection lawsuit"). *Copy of the October 3, 2011 collection lawsuit is filed as Exhibit 1 to this Complaint (hereinafter "Doc. 1-1").*

10. The Civil Summons and Sworn Affidavit were served on Plaintiff in connection with collection of the debt and in an attempt to collect the debt, and each is a "communication" as defined by 15 U.S.C. § 1692a(2).

11. The Civil Summons states that the amount due on the debt was for "**the principal amount of $5,139.68**". (emphasis added) *See, Doc. 1, p. 1.*

12. The Sworn Affidavit states that Plaintiff owes Defendant Capital One the amount of "**$5139.68** as of **09/16/2010**, plus interest accruing from said date at an annual percentage rate in accordance with the Customer Agreement, currently **25.90%**". *See, Doc. 1, p. 2.*

13. The Sworn Affidavit also states that the "Customer Agreement entered into between the parties also authorizes Capital One to recover from Defendant(s) reasonable attorneys' fees and costs to the extent permitted by law". *See, Doc. 1, p. 3.*

14. The conflicting and confusing statements as to the amount owed in the Civil Warrant and Sworn Affidavit, resulted in Defendant Buffaloe (a) making a false representation of the character, amount, or legal status of any debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10), (b) making a false representation of the compensation which may be legally received by any debt collector for the collection of a debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(B), and 1692e(10), and (c) using unfair or unconscionable means to collect or attempt to collect the alleged debt by stating that

Defendant Capital One was entitled to an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

15. By filing the collection lawsuit without knowledge of whether a contract on which Defendant Buffaloe allegedly relied to file the collection lawsuit even existed, or what language it included regarding contract interest or other charges, Defendant Buffaloe communicated credit information to the State court, the general public, and the Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

16. Without the contract on which Defendants allegedly relied to file the collection lawsuit, Defendant Capital One may not recover attorney's fees or contract rate of interest on the underlying debt. *Holcomb v. Cagle*, 277 S.W.3d 393, 397-98 (Tenn. Ct. App. 2008) (perm. app. den. Sup. Ct., December 15, 2008)).

### *Failure To Include § 1692e(11) Language In Subsequent Communication – Sworn Affidavit*

17. The FDCPA states:

    "The failure to disclose . . . in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

18. The Sworn Affidavit is a "communication" as defined by 15 U.S.C. § 1692a(2).

19. The Sworn Affidavit is not a formal pleading made in connection with a legal action.

20. The Sworn Affidavit is a subsequent communication by Defendant Buffaloe to Plaintiff made in connection with a legal action that is not a formal pleading and in connection with collection of the debt, and Defendant Buffaloe failed to disclose in the Sworn Affidavit that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

*Failure To Send Periodic Statements When Required*

21. Under TILA, the term "creditor" includes a person who both regularly extends consumer credit for which the payment of a finance charge is or may be required, and is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or by agreement. The term "creditor" also includes card issuers where the payment of a finance charge is or may be required. 15 U.S.C. § 1602(f).

22. TILA defines "card issuer" as any person who issues a credit card, or the agent of such person with respect to such card. 15 U.S.C. § 1637(b).

23. The credit card issued by Defendant Capital One was issued under an open end consumer credit plan by agreement with Plaintiff, where the payment of a finance charge may be required, and therefore, Defendant Capital One is a "card issuer" as defined by the TILA, and Defendant Buffaloe is an agent of Defendant Capital One for purposes of collection with respect to the card.

24. The TILA requires that the creditor must send a periodic statement at the end of each billing cycle if either a finance charge has been imposed during the cycle, or if there is an outstanding debit or credit balance of more than $1 at the end of the cycle. **See, 15 U.S.C. § 1637(b); Reg. Z § 226.5(b)(2)(i)**.

25. The periodic statement must be mailed or delivered twenty-one (21) days before the due date disclosed on the statement. **See, 15 U.S.C. § 1666b(a); Reg. Z § 226.5(b)(2)(ii)(A)(i).**

26. The payment due date for a credit card account under an open end consumer credit plan shall be the same day each month. **See, 15 U.S.C. § 1637(o)(1); Reg. Z § 226.7(b)(11)(i).**

27. If an account is in default, the creditor need not send a periodic statement, if:

    (1) The creditor deems the debt to be uncollectible;

    (2) Delinquency collection proceedings have been instituted;

    (3) The creditor has charged off the account in accordance with loan loss provisions and will not charge any additional fees or interest on the account; or

    (4) Furnishing the statement would violate federal law.

    **See, Reg. Z § 226.5(b)(2)(i).**

28. An account is considered "uncollectible" for purposes of § 226.5(b)(2)(i) only when a creditor has ceased collection efforts, either directly or through a third party. **See, Official Staff Commentary, § 226.5(b)(2)(i)-3.**

29. Creditors institute a delinquency collection proceeding by filing a court action or initiating an adjudicatory process with a third party. Assigning a debt to a debt collector or other third party would not constitute instituting a collection proceeding. **See, Official Staff Commentary, § 226.5(b)(2)(i)-3.**

30. Defendant Capital One and its agent, Defendant Buffaloe, failed to send Plaintiff a periodic statement twenty-one (21) days before the payment due date in the months of August 2011 and September 2011 that complied with the requirements of TILA.

31. Prior to instituting the delinquency collection proceeding in the form of the collection lawsuit on October 3, 2011, Defendant Capital One had not deemed the debt to be uncollectible as evidenced by it turning over collection of the debt to Defendant Buffaloe.

32. By failing to mail or deliver a periodic statement to the Plaintiff as required by 15 U.S.C. § 1637(b) during the months of August 2011 and September 2011 that disclosed the amount of any finance charge added to the account during the period, itemized to show the amounts, if any, due to the application of percentage rates and the amount, if any, imposed as a minimum or fixed charge, Defendants violated 15 U.S.C. § 1637(b)(4).

33. By failing to mail or deliver a periodic statement to the Plaintiff as required by 15 U.S.C. § 1637(b) during the months of August 2011 and September 2011 that disclosed, where one or more periodic rates may be used to compute the finance charge, each such rate, the range of balances to which it is applicable, and, unless the annual percentage rate (determined under section 1606(a)(2) of this title) is required to be disclosed pursuant to paragraph [§ 1637(b)] (6), the corresponding nominal annual percentage rate determined by multiplying the periodic rate by the number of periods in a year, Defendants violated 15 U.S.C. § 1637(b)(5).

34. By failing to mail or deliver a periodic statement to the Plaintiff as required by 15 U.S.C. § 1637(b) during the months of August 2011 and September 2011 that disclosed, where the total finance charge exceeds 50 cents for a monthly or longer billing cycle, or the pro rata part of 50 cents for a billing cycle shorter than monthly, the total finance charge expressed as an annual percentage rate (determined under section 1606(a)(2) of this title), except that if the finance charge is the sum of two or more products of a rate times a portion of the balance, the creditor may, in lieu of disclosing a single rate for the total charge. disclose each such rate expressed as an annual percentage rate, and the part of the balance to which it is applicable, Defendants violated 15 U.S.C. § 1637(b)(6).

35. By failing to mail or deliver a periodic statement to the Plaintiff as required by 15 U.S.C. § 1637(b) during the months of August 2011 and September 2011 that disclosed the balance on which the finance charge was computed and a statement of how the balance was determined, Defendants violated 15 U.S.C. § 1637(b)(7).

36. By failing to mail or deliver a periodic statement to the Plaintiff as required by 15 U.S.C. § 1637(b) during the months of August 2011 and September 2011 that disclosed the outstanding balance in the account at the end of the period, Defendants violated 15 U.S.C. § 1637(b)(8).

37. By failing to mail or deliver a periodic statement to the Plaintiff as required by 15 U.S.C. § 1637(b) during the months of August 2011 and September 2011 that disclosed the date by which or the period (if any) within which, payment must be made to avoid additional finance charges, Defendants violated 15 U.S.C. § 1637(b)(9).

38. By failing to mail or deliver a periodic statement to the Plaintiff as required by 15 U.S.C. § 1637(b) during the months of August 2011 and September 2011 that disclosed the address to be used by the creditor for the purpose of receiving billing inquiries from the Plaintiff, Defendants violated 15 U.S.C. § 1637(b)(10).

39. By failing to mail or deliver a periodic statement to the Plaintiff as required by 15 U.S.C. § 1637(b) during the months of August 2011 and September 2011 that included a written statement in the following form: "Minimum Payment Warning: Making only the minimum payment will increase the amount of interest you pay and the time it takes to repay your balance", Defendants violated 15 U.S.C. § 1637(b)(11)(A).

40. By failing to mail or deliver a periodic statement to the Plaintiff as required by 15 U.S.C. § 1637(b) during the months of August 2011 and September 2011 that disclosed

8
Case 3:12-cv-00450-KC-HBG   Document 1   Filed 08/24/12   Page 8 of 13   PageID #: 8

repayment information that would apply to the outstanding balance of the consumer under the credit plan, including:

(i) the number of months (rounded to the nearest month) that it would take to pay the entire amount of that balance, if the consumer pays only the required minimum monthly payments and if no further advances are made;

(ii) the total cost to the consumer, including interest and principal payments, of paying that balance in full, if the consumer pays only the required minimum monthly payments and if no further advances are made;

(iii) the monthly payment amount that would be required for the consumer to eliminate the outstanding balance in 36 months, if no further advances are made, and the total cost to the consumer, including interest and principal payments, of paying that balance in full if the consumer pays the balance over 36 months; and

(iv) a toll-free a toll-free telephone number at which the consumer may receive information about accessing credit counseling and debt management services,

Defendants violated 15 U.S.C. § 1637(b)(11)(B).

41. By failing to mail or deliver a periodic statement to the Plaintiff as required by 15 U.S.C. § 1637(b) that disclosed the date on which the payment is due or, if different, the date on which a late payment fee will be charged, together with the amount of the fee or charge to be imposed if payment is made after that date, Defendants violated 15 U.S.C. § 1637(b)(12)(A).

42. By failing to mail or deliver a periodic statement to the Plaintiff as required by 15 U.S.C. § 1637(b) that disclosed if 1 or more late payments may result in an increase in the

annual percentage rate applicable to the account, together with the applicable penalty annual percentage rate, Defendants violated 15 U.S.C. § 1637(b)(12)(B).

### *Additional FDCPA Violations by Defendant Buffaloe*

43. Defendant Buffaloe's failure to comply with the requirements of TILA regarding the sending of periodic statements to Plaintiff as an agent of the "card issuer", Defendant Capital One, was the use of deceptive and misleading representations or means in connection with collection of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

### *Filing the Collection Lawsuit In an Improper Venue*

44. On October 3, 2011, Defendant Buffaloe filed the collection lawsuit against Plaintiff in state court in Hamblen County, Tennessee.

45. At the commencement of the collection lawsuit, the Plaintiff resided in Jefferson County, Tennessee.

46. There was no written contract signed by Plaintiff with Capital One in Hamblen, and, therefore, the only county in which the collection lawsuit could be filed in compliance with the FDCPA would have been Jefferson County, Tennessee.

47. The filing of the collection lawsuit in Hamblen County, Tennessee by Defendant Buffaloe was a violation of 15 U.S.C. § 1692i(a)(2).

### *Summary*

48. The above-detailed conduct by Defendants in connection with collection of the debt, including, but not limited to the above-cited provisions of the FDCPA.

## TRIAL BY JURY

49. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §§ 1692** *et seq.*

50. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

51. The foregoing acts and omissions of Defendant Buffaloe constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

52. As a result of Defendant Buffaloe's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant Buffaloe.

### COUNT II.

### VIOLATIONS OF THE TRUTH IN LENDING ACT

**15 U.S.C. §§ 1601** *et seq.*

53. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

54. The foregoing acts and omissions of all the Defendants constitute numerous and multiple violations of the TILA, including, but not limited to each and every one of the above-cited provisions of the TILA, 15 U.S.C. §§ 1601 *et seq.*, with respect to Plaintiff.

55. As a result of the Defendants' violations of the TILA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1640(a)(1); statutory damages in an amount up to $5,000.00 pursuant to 15 U.S.C. § 1640(a)(2)(A)(iii); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1640(a)(3) from the Defendants herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Buffaloe and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Buffaloe and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Buffaloe and for Plaintiff; and

## COUNT II.

## VIOLATIONS OF THE TRUTH IN LENDING ACT

## 15 U.S.C. §§ 1601 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1640(a)(1) against the Defendants and for Plaintiff;

- for an award of statutory damages of $5,000.00 pursuant to 15 U.S.C. § 1640(a)(2)(A)(iii) against the Defendants and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1640(a)(3) against the Defendants and for Plaintiff; and

- for such other and further relief as may be just and proper.

08/24/12                                              Respectfully submitted,

**DENISE E. SHIPLEY**


/s/      Alan C. Lee
Alan C. Lee, Esq., BPR #012700
PO Box 1357
Talbott, TN 37877-1357
(423) 581-0924
info@alanlee.com