IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DENISE E. SHIPLEY,                )
                                  )
    Plaintiff,                    )
                                  )
v.                                )    No. 3:12-cv-450
                                  )    Phillips / Shirley
BUFFALOE & ASSOCIATES, PLC        )
and CAPITAL ONE BANK (USA),       )
NATIONAL ASSOCIATION,             )
                                  )
    Defendants.                   )

## BUFFALOE & ASSOCIATES, PLC'S
## MOTION FOR PARTIAL DISMISSAL

Pursuant to Rule 12(b)(6), Fed. R. Civ. P., Defendant Buffaloe & Associates, PLC ("Buffaloe") moves the Court to dismiss claims against it under the Truth in Lending Act ("TILA") and its claims under the Fair Debt Collection Practices Act ("FDCPA"), to the extent such violations were predicated upon violations of the TILA.

    1.    The Plaintiff Denise E. Shipley ("Plaintiff") filed a Complaint initiating the instant action on August 24, 2012. (*See generally* Compl., ECF Doc. 1.)

    2.    In her Complaint, the Plaintiff alleges that Defendants Capital One Bank (USA), National Association ("Capital One") and Buffaloe & Associates, PLC ("Buffaloe") violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and the Truth in Lending Act, 15 U.S.C. §§ 1601, et seq. ("TILA") in the course of attempting to collect a credit card debt incurred by the Plaintiff. (Compl. ¶¶ 2, 7, ECF Doc. 1.)

3. The credit card at issue was originally owned or serviced by Capital One. (Compl. ¶ 7, ECF Doc. 1.)

4. Plaintiff alleges that Capital One "consigned, sold, or otherwise transferred" Plaintiff's delinquent account to Buffaloe following Plaintiff's default. (Compl. ¶ 8, ECF Doc. 1.)

5. Plaintiff alleges that Buffaloe is an agent of the "card issuer" within the meaning of the definition set forth in TILA. (Compl. ¶¶ 5, 23, ECF Doc. 1.)

6. The Plaintiff alleges that, as an agent of a card issuer, Buffaloe is a "creditor" subject to the statutory requirements set forth in TILA. (Compl. ¶ 21-23, ECF Doc. 1.)

7. Plaintiff alleges that Buffaloe violated TILA by failing to send periodic statements to the Plaintiff as required by 15 U.S.C. § 1637(b). (Compl. ¶¶ 24-42, ECF Doc. 1.)

8. Plaintiff further alleges that Buffaloe's violation of TILA's requirement to send monthly statement constitutes the use of deceptive and misleading representations or means in connection with collection of the debt in violation of the §§ 1692e and 1692e(10) of the FDCPA, and the use of unfair means to collect a debt in violation of § 1692f of the FDCPA. (Compl. ¶ 43, ECF Doc. 1.)

9. The Plaintiff's TILA claim against Buffaloe should be dismissed because Buffaloe is not a "creditor" or the "agent" of a creditor under TILA's statutory definition, and only creditors are required to send monthly billing statements. *See Neff v. Capital Acquisitions & Mgmt. Co.*, 352 F.3d 1118, 1120-1121 (7th Cir. 2003) (Purchasers of delinquent accounts from credit card issuers are not "card issuers" or the "agents" of

card issuers under TILA's definitions and, thus, may not be held liable for failing to comply with TILA's requirements.)

10. Buffaloe also may not be held liable for alleged FDCPA violations predicated solely upon alleged TILA violations because the alleged TILA violations are groundless and the relied-upon FDCPA provisions are not dependent upon TILA violations. *See Neff v. Capital Acquisitions & Mgmt. Co.*, 238 F. Supp. 2d 986, 992-993 (N.D. Ill. 2002) *aff'd*, 352 F.3d 1118 (7th Cir. 2003) (Alleged violations of FDCPA provisions may not be predicated "on a nonexistent TILA violation" and "are not dependent on the existence of any TILA violations.")

In support of the Rule 12(b)(6) motion, Buffaloe relies upon its contemporaneously filed Brief.

WHEREFORE, Buffaloe moves the Court to dismiss Plaintiff's Complaint with respect to the allegations of violations of the Truth in Lending Act (paragraphs 21-42) and "additional FDCPA violations" as set out in paragraph 43 of the Complaint for failure to state a claim upon which relief may be granted.

Respectfully submitted this 11th day of October, 2012.

LOWE, YEAGER & BROWN

By: _____s/ Darryl G. Lowe_____
Darryl G. Lowe    BPR # 002104
***Counsel for Defendant,
Buffaloe & Associates, PLC***
1950 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee  37902
(865) 521-6527

-3-

Case 3:12-cv-00450-KC-HBG   Document 8   Filed 10/11/12   Page 3 of 4   PageID #: 45

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

         s/ Darryl G. Lowe
Darryl G. Lowe   BPR # 002104
***Counsel for Defendant,***
***Buffaloe & Associates, PLC***
Riverview Tower, Ste. 1950
900 S. Gay Street
Knoxville, TN 37902
(865) 521-6527