IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DENISE E. SHIPLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-cv-450 |
| | ) | Phillips / Shirley |
| BUFFALOE & ASSOCIATES, PLC | ) | |
| and CAPITAL ONE BANK (USA), | ) | |
| NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

## BRIEF IN SUPPORT OF BUFFALOE & ASSOCIATES, PLC'S MOTION FOR PARTIAL DISMISSAL

Comes now, Defendant Buffaloe & Associates, PLC ("Buffaloe"), having moved this Court to dismiss claims against it under the Truth in Lending Act and the Fair Debt Collection Practices Act, to the extent such violations were predicated upon violations of the Truth in Lending Act, and offers the following brief in support of its motion for partial dismissal:

## FACTS

The Plaintiff Denise E. Shipley ("Plaintiff") filed a Complaint initiating the instant action on August 24, 2012. (*See generally* Compl., ECF Doc. 1.) In her Complaint, the Plaintiff alleges that Defendants Capital One Bank (USA), National Association ("Capital One") and Buffaloe & Associates, PLC ("Buffaloe") violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and the Truth in Lending Act, 15 U.S.C. §§ 1601, et seq. ("TILA") in the course of attempting to collect a credit card debt incurred by the Plaintiff. (Compl. ¶¶ 2, 7, ECF Doc. 1.) The credit card at issue was originally owned or serviced by Capital One. (Compl. ¶ 7, ECF Doc.

1.) Plaintiff alleges that Capital One "consigned, sold, or otherwise transferred" Plaintiff's delinquent account to Buffaloe following Plaintiff's default. (Compl. ¶ 8, ECF Doc. 1.)

Plaintiff alleges that Buffaloe attempted to collect the debt by filing a collection action against the Plaintiff on October 3, 2011 to recover the delinquent funds. (Compl. ¶¶ 9, 10, ECF Doc. 1.)

Plaintiff alleges that Buffaloe is an agent of the "card issuer" within the meaning of the definition set forth in TILA. (Compl. ¶¶ 5, 23, ECF Doc. 1.) As an agent of a card issuer, the Plaintiff alleges that Buffaloe is a "creditor" subject to the statutory requirements set forth in TILA. (Compl. ¶ 21-23, ECF Doc. 1.) Plaintiff alleges that Buffaloe violated TILA by failing to send periodic statements to the Plaintiff as required by 15 U.S.C. § 1637(b). (Compl. ¶¶ 24-42, ECF Doc. 1.) Plaintiff further alleges that Buffaloe's violation of TILA's requirement to send monthly statement constitutes the use of deceptive and misleading representations or means in connection with collection of the debt in violation of the §§ 1692e and 1692e(10) of the FDCPA, and the use of unfair means to collect a debt in violation of § 1692f of the FDCPA. (Compl. ¶ 43, ECF Doc. 1.)

## **STANDARD**

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all of the plaintiff's well-pleaded factual allegations as true and construe those allegations in the light most favorable to plaintiff. *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). In order to survive a 12(b)(6) motion, the plaintiff's factual allegations must "raise the right to relief above the

-2-

speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also League of United*, 500 F.3d at 527 ("The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."). The claim must be plausible on its face; the Court must be able to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## ARGUMENT

   I. **The Plaintiff's TILA claim against Buffaloe should be dismissed because Buffaloe is not a "creditor" under TILA's statutory definition, and only creditors are required to send monthly billing statements.**

TILA requires "creditors" to send consumers monthly billing statements." 15 U.S.C. § 1637(b). *Neff v. Capital Acquisitions & Mgmt. Co.*, 352 F.3d 1118, 1120 (7th Cir. 2003). To qualify as a "creditor" under TILA's definition, a party must have issued a credit card or be the card issuer's agent. 15 U.S.C. § 1602(n). *See also Neff*, 352 F.3d at 1120. Purchasers of delinquent accounts from credit card issuers are not "card issuers" or the "agents" of card issuers under TILA's definitions and, thus, may not be held liable for failing to comply with TILA's requirements. *Neff*, 352 F.3d at 1120-1121.

In *Neff*, two plaintiffs obtained credit cards from two different card issuers. *Neff*, 352 F.3d at 1119. Both plaintiffs fell behind on their respective accounts. *Id*. After the accounts became delinquent, the card issuers sold the accounts to the same debt purchaser, Capital One ("Debt Purchaser"). *Id*. Both plaintiffs subsequently made payments to Debt Purchaser which both plaintiffs understood to fully satisfy their debts. *Id*. Years later, both plaintiffs received a notice from CAMCO, an entity that purchased the delinquent accounts from the original Debt Purchaser indicating that the plaintiffs

-3-

still owed money on their accounts. *Id*. In the interim, neither plaintiff received any correspondence concerning the status of their accounts. *Id.* at 1119. The plaintiffs alleged that both the original debt purchaser and the subsequent debt purchaser violated various provisions of the Truth in Lending Act and the Illinois Consumer Fraud Act by attempting to collect interest on the accounts without sending monthly statements to the Plaintiffs. *Neff*, 352 F.3d at 1120. Further, the plaintiffs alleged that the debt collectors' TILA violations also formed the basis of deceptive debt collection practices and thus also constituted FDCPA violations. *See id*; *see also Neff v. Capital Acquisitions & Mgmt. Co.*, 238 F. Supp. 2d 986, 992-93 (N.D. Ill. 2002) *aff'd*, 352 F.3d 1118 (7th Cir. 2003). The District Court dismissed the plaintiffs' TILA and FDCPA claims. *Neff*, 352 F.3d at 1120. On appeal, the Seventh Circuit upheld the District Court's dismissal of the FDCPA and TILA claims. *Id*.

Addressing the plaintiffs' argument that the subsequent debt purchasers were "card issuers" under TILA's definition, the Court of Appeals noted that neither debt purchaser issued the plaintiffs a credit card. *Neff*, 352 F.3d at 1120, n.4 (citing Federal Reserve Board's official staff commentary to Regulation Z, 12 C.F.R. § 226, Supp. 1 at ¶ 2(a)(15)). Also, neither of the subsequent debt purchasers granted the plaintiffs "the right to 'incur debt' or to 'defer payment of debt.'" *Neff*, 352 F.3d at 1120 (citing 15 U.S.C. § 1602(e)). For these reasons, the Court of Appeals concluded that the debt purchasers were not "card issuers" under TILA. *Neff*, 352 F.3d at 1120.

The Court of Appeals next addressed the plaintiffs' argument that the debt collectors were "agents" of card issuers and, therefore, creditors subject to TILA's requirements. *Neff*, 352 F.3d at 1120. The Court of Appeals held that a party is not an

-4-

agent of a card issuer absent "an agreement that '[t]he cardholder may use a line of credit with the [agent] to pay obligations incurred by use of the credit card.'" *Id.* (citing 12 C.F.R. § 226, Supp. I, ¶ 2(a)(7)). The fact that the entities purchased delinquent accounts from a credit card issuer was not sufficient to establish that the debt purchasers were "agents" of the card issuer for the purposes of imposing liability under TILA. *Neff*, 352 F.3d at 1120-1121. The Court of Appeals held that, because the debt collectors were neither card issuers nor the agents of card issuers under TILA's definition, they were not creditors, and were not subject to TILA's statutory requirements. *Id.* at 1120-1121. The Court further held that a creditor's assignees were not required to send monthly notices absent an explicit requirement in TILA or of the Federal Reserve Board regulations. *Id.* at 1121.

Plaintiff alleges in her complaint that Capital One "consigned, sold, or otherwise transferred" Plaintiff's delinquent account to Buffaloe following Plaintiff's default and that Buffaloe, therefore, is an agent of the "card issuer" within the meaning of the definition set forth in TILA. (Compl. ¶¶ 5, 8, 23, ECF Doc. 1.) According to the Seventh Circuit's holding in *Neff*, Buffaloe may not be held liable as an agent of a card issuer absent "an agreement that '[t]he cardholder may use a line of credit with the [agent] to pay obligations incurred by use of the credit card.'" *See Neff*, 352 F.3d at 1120 (citing 12 C.F.R. § 226, Supp. I, ¶ 2(a)(7)). The Plaintiff does not allege that he had any such agreement with Buffaloe. (*See generally* Compl., ECF Doc. 1.) The fact that Buffaloe acquired the delinquent account from Capital One, alone, does not make Buffaloe an agent of the card issuer under TILA's statutory definition. *See Neff*, 352 F.3d at 1120-1121. For these reasons, the Plaintiff's allegations that Buffaloe is an agent of a card

Case 3:12-cv-00450-KC-HBG Document 9 Filed 10/11/12 Page 5 of 7 PageID #: 51

issuer subject to TILA's requirements are without basis and should be dismissed for failure to state a claim upon which relief may be granted.

**II.   Buffaloe may not be held liable for alleged FDCPA violations predicated solely upon alleged TILA violations because the alleged TILA violations are groundless and the relied-upon FDCPA provisions are not dependent upon TILA violations.**

Similar to the Plaintiff in the instant action, one of the plaintiffs in *Neff* alleged that the subsequent debt purchasers' TILA violations constitute the use of unfair and deceptive means in connection with the collection of a debt in violation of §§ 1692e and 1692f of the FDCPA. *See Neff v. Capital Acquisitions & Mgmt. Co.*, 238 F. Supp. 2d 986, 992 (N.D. Ill. 2002) *aff'd*, 352 F.3d 1118 (7th Cir. 2003). (*See also* Compl. ¶ 43, ECF Doc. 1.)  The District Court dismissed the plaintiff's FDCPA claim on the basis that the claim was "entirely predicated on a nonexistent TILA violation." *Neff,* 238 F. Supp. 2d at 992.[1]  The District Court also noted that the aforementioned FDCPA provisions "are not dependent on the existence of any TILA violations." *Neff,* 238 F. Supp. 2d at 993.  For similar reasons, the Plaintiff's FDCPA claim set forth in paragraph 43 of the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## SUMMARY

For the foregoing reasons, this Court should grant Buffaloe's Partial Motion to dismiss Plaintiff's Complaint with respect to the allegations of violations of the Truth in Lending Act contained in paragraphs 21-42 of the Complaint and the additional FDCPA

---

[1] While the Court of Appeals upheld the District Court's dismissal of the FDCPA claims in their entirety, this ground for dismissal was not addressed by the appellate court. *See Neff*, 352 F.3d at 1121-1122.

violations contained in paragraph 43 of the Complaint for failure to state a claim upon which relief may be granted.

Respectfully submitted this 11th day of October, 2012.

                                        LOWE, YEAGER & BROWN

                                        By: _____s/ Darryl G. Lowe_____
                                             Darryl G. Lowe    BPR # 002104
                                             ***Counsel for Defendant,***
                                             ***Buffaloe & Associates, PLC***
                                             1950 Riverview Tower
                                             900 S. Gay Street
                                             Knoxville, Tennessee 37902
                                             (865) 521-6527

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                        _____s/ Darryl G. Lowe_____
Darryl G. Lowe    BPR # 002104
***Counsel for Defendant,***
***Buffaloe & Associates, PLC***
Riverview Tower, Ste. 1950
900 S. Gay Street
Knoxville, TN 37902
(865) 521-6527