UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DENISE E. SHIPLEY,<br><br>   Plaintiff,<br><br>V.<br><br>BUFFALOE & ASSOCIATES, PLC and<br>CAPITAL ONE BANK, (USA), NA,<br><br>   Defendants. | CIVIL ACTION NO. 3:12-CV-450-KKC<br><br><br>MEMORANDUM, OPINION, AND<br>ORDER<br><br><br>CALDWELL/SHIRLEY |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on defendant Capital One One's motion for summary judgment (DE 13), defendant Buffaloe's motion for judgment on the pleadings (DE 17), and Buffaloe's motion to dismiss for lack of jurisdiction (DE 31). For the reasons discussed more fully below, the Court will grant Buffaloe's motion to dismiss for lack of jurisdiction in part, will deny Buffaloe's motion for judgment on the pleadings as moot, and will grant Capital One's motion for summary judgment.

I. BACKGROUND

In December of 2002, plaintiff Denise E. Shipley opened a Capital One credit card. (DE 14-1, p. 2). In December of 2007, Capital One charged off the account in accordance with its standard policies and procedures because no payments were received from Shipley for a six-month period. (DE 14-1, p. 2). Defendants assert that Shipley owed a principal of $5,139.68 on the credit card. (DE 1-1). According to Capital One, after Capital One charged off the account, it continued to send Shipley quarterly billing statements, including for the June 17, 2011 through September 16, 2011 quarter and the September 17, 2011 through December 16, 2011 quarter. (DE 14-1). According to Shipley, "[a]fter default,

Plaintiff's debt was cosigned, sold or otherwise transferred to Defendant Buffaloe for collection from Plaintiff." (DE 1, p. 2). On October 3, 2011, Buffaloe and Capital One filed a civil summons and sworn affidavit in state court to collect the debt. (DE 1-1).

On August 24, 2012 plaintiff Shipley filed her complaint in this Court and asserts claims against Buffaloe arising under the Fair Debt Collection Practices Act ("FDCPA") and against both defendants arising under various provisions of the Truth-In-Lending Act ("TILA"). (DE 1, p. 11–12). The Court previously dismissed Shipley's claims against Buffaloe arising under TILA and her FDCPA claim against Buffaloe that was based on TILA. (DE 29). The remaining claims are Shipley's FDCPA claim against Buffaloe and her TILA claim against Capital One.

On September 11, 2013, Buffaloe served Shipley a Rule 68 offer of judgment in the amount of, "$1,001.00, plus reasonable attorneys' fees and costs incurred as against Buffaloe only, to the date of this Offer of Judgment." (DE 31-1). Shipley did not respond to the offer of judgment.

**II. ANALYSIS**

**A. Buffaloe's Motion to Dismiss for Lack of Jurisdiction**

Buffaloe moves the Court to dismiss this matter for lack of subject-matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1), arguing that Buffaloe's Federal Rules of Civil Procedure, Rule 68 offer of judgment satisfies the entire demand of the case and therefore moots the controversy. (DE 31, p. 3–4). For the reasons discussed more fully below, the Court will grant Buffaloe's motion (DE 31) in part, will refer the matter to the magistrate judge to determine costs and reasonable attorneys' fees, and after the magistrate judge's resolution of attorney's fees and costs, will enter judgment in favor of Shipley consistent with Buffaloe's offer of judgment.

2

The Court of Appeals in this circuit has held that a Rule 68, "offer of judgment that satisfies a plaintiff's entire demand moots the case."[1] *O'Brien v. Ed. Donnelly Enter., Inc.*, 575 F.3d 567, 574 (6th Cir. 2009). While a Rule 68 offer of judgment may not be considered to determine the merits of a case, it can be used to show that the court lacks subject-matter jurisdiction. *Id.* This is because "federal courts may adjudicate only actual, ongoing cases or controversies." U.S. Const., art III, § 2; *Dellarussiani v. Ed Donnelly Enter., Inc.*, No. 2:07-CV-00253, 2007 WL 3025340, at * 5 (S.D. Ohio Oct. 15, 2007) (affirmed in *O'Brien*, 575 F.3d 567). The case or controversy requirement is a "cradle-to-grave requirement that must be satisfied at the time a plaintiff first brings suit and that must remain satisfied throughout the life of the case." *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 567 (6th Cir. 2013) (internal citations omitted).

Thus, the only issue here is whether Buffaloe's offer of judgment actually met Shipley's entire demand. Shipley does not dispute that Buffaloe's offer of, "$1,001.00 plus reasonable attorneys' fees and costs incurred as against Buffaloe only, to the date of this Offer of Judgment," would satisfy her claim, except that Shipley maintains that she is entitled to attorneys' fees beyond the date of the offer of judgment. (DE 32, p. 4–5). In support of her position, Shipley cites several cases from outside the Sixth Circuit. *See Andrews v. Prof'l Bureau of Collections of Maryland, Inc.*, 270 F.R.D. 205, 208 (M.D. Pa. 2010) ("Therefore, the instant offer of judgment, by imposing an end date upon which

---

[1] While, as Shipley points out, some courts have expressed concern and outright rejection of the theory that a Rule 68 offer of judgment can moot a case and controversy, the Sixth Circuit has clearly applied the doctrine. In support of her position, Shipley points to a recent Supreme Court decision, *Genesis Healthcare Corp. v. Symczk*, 133 S.Ct. 1523 (2013). In *Genesis*, the Court acknowledged the circuit split on the issue of whether a Rule 68 offer of judgment that fully satisfies a plaintiff's claim can render a claim moot, but the majority declined to decide the issue. *Id.* at 1528–29. In her sur-reply, Shipley highlights Justice Kagan's strong dissent in *Genesis* when Justice Kagan writes, "So a friendly suggestion to the Third Circuit: Rethink your mootness-by-unaccepted-offer theory. And a note to all other courts of appeals: Don't try this at home." *Id.* at 1534. However, the *Genesis* majority declined to address the mootness issue, and the Sixth Circuit continues to apply the theory even after the Court decided *Genesis*. *See e.g.*, *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564 (6th Cir. 2013).

reasonable attorney's fees can be collected, does not render the claim moot and the motion for summary judgment will be denied."); *Hernandez v. Asset Acceptance, LLC*, 279 F.R.D. 594, 597 (D. Colo. 2012) ("The Court finds that complete relief under the FDCPA includes attorney's fees expended after the receipt of a Rule 68 offer."); *Scott v. Fed. Bond Collection Servs., Inc.*, No. 10-CV-02825-LHK, 2011 WL 176846 at *4 (N.D. Cal. Jan. 19, 2011) ("Thus, the Court is forced to conclude that Defendants' Rule 68 offer, though likely beneficial to Plaintiff, does not offer her all that she is legally entitled to recover."). The Court is mindful of the disagreement among courts on the issue of whether language limiting statutory attorneys' fees to the date of the offer limits a plaintiff's relief, and therefore courts disagree about whether such an offer can moot a case.[2] The parties presented no Sixth Circuit authority directly on point, and the Court is aware of none.

This Court is guided by the direction of the Sixth Circuit's decision in *O'Brien* and is further persuaded by recent decisions in this district that directly address the issue presently before the Court. *See Derry v. Buffaloe & Assoc., PLC*, No. 2:12-CV-303, 2014 WL 460879 (E.D. Tenn. Feb. 5, 2014); *McGhee v. Buffaloe & Assoc., PLC*, No. 2:12-CV-333, 2014 WL 460880 (E.D. Tenn. Feb. 5, 2014). Both *Derry* and *McGhee* hold that the exact offer of judgment language at issue in the instant case was sufficient to moot the case. *See id.*

In *O'Brien*, the plaintiff filed suit against the defendant asserting violations of the Fair Labor Standards Act, which like the FDCPA statute at issue here, awards attorneys' fees and costs to a prevailing plaintiff. *O'Brien*, 575 F.3d at 573; *see* 29 U.S.C. § 216(b) ("damages, right of action, attorney's fees and costs . . ."). The defendant made a rule 68 offer of judgment, which states in relevant part, "[the defendants] hereby offer judgment to

---

[2] This split among courts is distinct from the circuit split on whether a Rule 68 offer of judgment can moot a case. This split exists among courts recognizing that a Rule 68 offer of judgment can moot a case and only addresses whether a plaintiff who is entitled to attorney's fees by statute is offered full relief when a Rule 68 offer of judgment includes language that limits attorneys' fees to the date of the offer.

4

be taken against them on Counts One and Two of the plaintiffs' complaint in this action in the following amounts as to each plaintiff, *plus costs accrued to date and reasonable attorneys' fees . . . .*" *See Dellarussiani*, 2007 WL 3025340 at *1 (emphasis added) (affirmed in *O'Brien*, 575 F.3d 567). The plaintiffs rejected the offer of judgment and argued that the claim was not mooted by the offer of judgment because "the offer of judgment did not include attorneys' fees and costs." *O'Brien*, 575 F.3d at 575. In affirming the district court's dismissal of the plaintiffs' claims as moot, the Sixth Circuit reasoned:

> True, the defendants' offer did not offer a number certain for plaintiffs' attorneys' fees. But the defendants did offer to pay costs accrued and a reasonable attorneys' fee to be determined by the court. *Plaintiffs do not argue that they could have obtained anything more for their substantive claims* in counts I and II than what the defendants offered. The only issue is whether an offer of judgment which offers to pay a reasonable attorneys' fee as later determined by the court—but which does not offer to pay whatever sum reported by opposing counsel— moots the FLSA and corresponding Ohio claim in this case.

*Id.* (internal citations omitted) (emphasis added). The court did not, however, address the "to date" language modifying costs in the offer of judgment; thus, it is not clear whether the limitation of attorneys' fees to the date of the offer in the instant case would alter the Court of Appeals' rationale. Nevertheless, here, as in *O'Brien*, Shipley does not argue "that [she] could have obtained anything more for [her] substantive claims." *See id.*

In *O'Brien*, the appellate court also affirmed the district court's reliance on the offer of judgment language in *Ambalu v. Rosenblatt*, 194 F.R.D. 451 (E.D. N.Y. 2000). *See* 575 F.3d at 575. Like Shipley, the plaintiff in *Ambalu* asserted a cause of action against the defendant under the FDCPA. 194 F.R.D. at 452. There, the defendant served a Rule 68 offer of judgment on the plaintiff, which offered, "one thousand dollars ($1,000), the costs of the action, and a reasonable attorney's fee *incurred up through the date of the offer* as

5

determined by the court." *Id.* The Court of Appeals in *O'Brien* explicitly referred to *Ambalu* in identifying offer language that would moot a case. 575 F.3d at 575 ("[O]ffers of judgment with language similar to defendants' offer have been deemed by other district courts sufficient to moot the claims at issue."). Moreover, the Court of Appeals in *O'Brien* also indicated its approval of the Second Circuit's approach to Rule 68 cases. *Id.* ("Instead, we believe the better approach is to enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment, as the district court did in this case, following the lead of district courts in the Second Circuit."). Courts in the Second "Circuit have accepted as sufficient offers of judgment in FDCPA cases that include similar 'to date' language as the offer of judgment at issue here." *Thomas v. Am. Serv. Fin. Corp.*, No. 12-CV-4235, 2013 WL 1898954 at *7 (E.D. N.Y. May 7, 2013).

In addressing this issue, other courts have referred to the Supreme Court's holding that "[a]n interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998); *see Derry*, No. 2:12-CV-303, 2014 WL 460879 at *3; *McGhee*, No. 2:12-CV-333, 2014 WL 460880 at *3. "Where on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary judicial pronouncements on even constitutional issues obtained, solely in order to obtain reimbursement of sunk costs." *Lewis v. Cont'l Bank Corp., 494 U.S.* 472, 480 (1990). A Rule 68 offer of judgment that satisfies a plaintiff's claim moots the case, because there is no longer a controversy as is required under Article III. Essentially, a Rule 68 offer of judgment that gives a plaintiff everything he asks for is like a team forfeiting a sports game. For whatever reason, the defendant has chosen to give the plaintiff the win rather

6

than playing the game. The Court cannot say that a controversy still exists when the only remaining issue is determining how much the defendant will pay the plaintiff's attorney.

Finally, the Court of Appeals has rejected the notion that a plaintiff who has rejected a Rule 68 offer of judgment that would moot the case loses outright. "Instead, we believe the better approach is to enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment." *O'Brien*, 575 F.3d at 575. Thus, upon the magistrate judge's determination of reasonable attorneys' fees and costs through the date of the offer of judgment, the Court will enter judgment consistent with the Rule 68 offer of judgment in this matter.

### B. Buffaloe's Motion for Judgment on the Pleadings

Because the Court has entered judgment in favor of Shipley consistent with Buffaloe's Rule 68 offer of judgment, Buffaloe's motion for judgment on the pleadings (DE 17) is denied as moot.

### C. Capital One's Motion for Summary Judgment

Under Fed. R. Civ. P. 56, summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 322–25. Once the movant meets

7

Case 3:12-cv-00450-KC-HBG   Document 38   Filed 03/20/14   Page 7 of 11   PageID #: 318

this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

Shipley asserts her claim against Capital One under TILA pursuant to 15 U.S.C. § 1637(b) for "Failure To Send Periodic Statements When Required" during "the months of August 2011 and September 2011." (DE 1, p. 5–6). "Congress passed the TILA to assure a meaningful disclosure of credit terms in order to avoid the uninformed use of credit and to protect the consumer against inaccurate and unfair credit billing and credit practices." *Derry v. Buffalo & Assoc., PLC*, No. 2:12-CV-303, 2013 WL 3866105 at *2 (E.D. Tenn. July 25, 2013). "TILA requires a 'creditor of any account under an open end consumer credit plan [to] transmit to the obligor, for each billing cycle at the end of which there is an outstanding balance in that account or with respect to which a finance charge is imposed, a statement setting forth' certain required information.'" *McGhee v. Buffalo & Assoc., PLC*, No. 2:12-CV-333, 2013 WL 3866239 at *2 (E.D. Tenn. July 25, 2013) (quoting 15 U.S.C.

8

§ 1637(b)). Regulation Z, issued by the Board of Governors of the Federal Reserve System, provides further detail concerning periodic statements and TILA. *See* 12 C.F.R. § 226.1 (This regulation, known as Regulation Z, is issued by the Board of Governors of the Federal Reserve System to implement the federal Truth in Lending Act . . . ."). [3]

As Capital One explained in its motion for summary judgment, under Regulation Z, a "billing cycle" under TILA is "equal and no longer than a quarter of a year." 12 C.F.R. § 226.2(a)(4). In its motion for summary judgment, Capital One provided a copy of the statements sent to Shipley for the two quarterly billing cycles covering August and September of 2011 and moved for summary judgment on the ground that quarterly statements were sent as required. (DE 14-1). In response to Capital One's motion for summary judgment, Shipley does not deny that the statements were *sent* but refines her claim by saying that her claims "are not based on Capital One's failure to mail or deliver this statement. Rather, she argues that Defendant Capital One violated TILA as to this periodic statement by failing to provide certain disclosures within the statement sent to Plaintiff." (DE 23, p. 5). For both the July 17, 2011 through September 16, 2011 billing cycle and the September 17, 2011 through December 16, 2011 billing cycle, Shipley indicates that three disclosures were missing from the statements. She asserts that the billing statements do not include the "Minimum Payment Warning," the repayment

---

[3] Importantly, Regulation Z has undergone several changes from 2011 to the present. Because in her complaint Shipley only alleges misconduct in this matter took place in August and September of 2011 and because the relevant dates of the billing statements are July 2011 to December 2011, 12 C.F.R. § 226.7(b)(12)(v)(C) is applicable. These sections of the regulations were effective from January 1, 2011 until December 30, 2011, when the regulations were relocated in the C.F.R. Notably, amendments were made to 12 C.F.R. § 226.7 that took effect on October 1, 2011. However, the amendments did not change the relevant portion of the regulation. Yet, potentially due to confusion of the meaning of asterisks in the amendments to the C.F.R., Westlaw left 12 C.F.R. § 226.7(b)(12)(v)(C) out of its database. Asterisks in amendments to the C.F.R. simply denote that "a whole paragraph, including its subordinate paragraphs" is unchanged. *See* Federal Register Document Drafting Handbook, 1-33. The relevant language detailing periodic statements is presently found in 12 C.F.R. §1026.7 and is under the purview of the Consumer Financial Protection Bureau. 12 C.F.R. §1026.1 ("This part, known as Regulation Z, is issued by the Bureau of Consumer financial Protection to implement the Federal Truth in Lending Act."). However, the Court will cite to 12 C.F.R. §226, as the events at issue occurred prior to the December 30, 2011 change.

information, and the toll-free telephone number at which the consumer may receive information bout accessing credit counseling and debt management services. (DE 23, p. 5–6).

The requirement that certain disclosures appear in card statements is based on Regulation Z, which provides in relevant part,

> In general. *Except as provided in paragraphs (b)(12)(ii) and (b)(12)(v) of this section*, for a credit card account under an open-end (not home-secured) consumer credit plan, a card issuer must provide the following disclosures on each periodic statement: (A) . . . Minimum Payment Warning . . . (B) The minimum payment repayment estimate . . . (E) A toll-free telephone number where the consumer may obtain from the card issuer information about credit counseling services . . . .

12 C.F.R. § 226.7(b)(12)(i). Regulation Z exempts certain categories of accounts from such disclosure requirements. Specifically, 12 C.F.R. 226.7(b)(12)(v)(C) exempts "A billing cycle where paying the minimum payment due for that billing cycle will pay the entire outstanding balance on the account for that billing cycle." The Official Commentary to Regulation Z explains that "this exemption would apply to a charged-off account where payment of the entire account balance is due immediately." 12 C.F.R. Pt. 226, Supp. 1 cmt. 7(b)(12(v)-1 (2011).

In the instant case, Capital One provides an affidavit of Ji Mei, who is a Business Analyst for Capital One. Mei indicates that "Ms. Shipley's credit card account ending in 3220 was charged off on or about December 14, 2007," well before the statements at issue were sent to Shipley. (DE 14-1, p. 2). Shipley does not provide any evidence to suggest that Capital One did not charge off her credit card in accordance with its ordinary practices and procedures. Shipley's complaint also does not assert that the card was not charged off. Because the only evidence before the Court indicates that Shipley's card was charged off at

10

the time the periodic statements were sent, Capital One was not required to include the missing disclosures. Since there is no genuine issue of material fact, the Court will grant summary judgment in favor of Capital One.

### III. CONCLUSION

Accordingly, the Court **HEREBY ORDERS** as follows:

1. Buffaloe's motion to dismiss for lack of jurisdiction (DE 31) is **GRANTED IN PART**;

2. The matter is **REFERRED** to the magistrate judge for determination of costs and reasonable attorneys' fees incurred as of the date of the offer of judgment;

3. Buffaloe's motion for judgment on the pleadings (DE 17) is **DENIED AS MOOT**;

4. Capital One's motion for summary judgment (DE 13) is **GRANTED**; and

5. The Court will enter final judgment in this matter in accordance with Buffaloe's offer of judgment after the magistrate judge's determination of reasonable attorneys' fees and costs.

This 20th day of March, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY